OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone:   213-239-9800
Facsimile:    213-239-9045

Attorneys for Defendants
HOMETOWN BUFFET, INC. (erroneously sued as
BUFFETS HOLDINGS, LLC) and BLUE BANNER
PROPERTIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | Case No. 5:19-cv-01417 JGB (SHKx) |
| Plaintiff, | **DEFENDANTS HOMETOWN BUFFET, INC. AND BLUE BANNER PROPERTIES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| BUFFETS HOLDINGS, LLC, a Minnesota limited liability company; BLUE BANNER PROPERTIES, LLC, a California limited liability company; and DOES 1-10, inclusive, | Complaint Filed: July 31, 2019<br>Trial Date: None<br>District Judge: Hon. Jesus G. Bernal<br>Courtroom 1, Riverside<br>Magistrate Judge: Hon. Shashi H. Kewalramani<br>Courtroom 3 or 4, Riverside |
| Defendants. | |

Defendants Hometown Buffet, Inc. (erroneously sued as Buffets Holdings, LLC) ("Hometown Buffet") and Blue Banner Properties, LLC ("Blue Banner") (collectively, "Defendants"), by and through the undersigned counsel, hereby answer for themselves only the Complaint filed by plaintiff James Rutherford ("Plaintiff") as follows:

## ANSWER TO PARTY ALLEGATIONS

1. Answering paragraph 1 of Plaintiff's Complaint, Defendants lack knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny all such allegations.

2. Answering paragraph 2 of Plaintiff's Complaint, Defendants admit that Blue Banner owned the property located at 24990 Redlands Boulevard, Loma Linda, California 92354 (the "Property") on November 1, 2018 and in June 2019. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

3. Answering paragraph 3 of Plaintiff's Complaint, Defendants admit that Blue Banner currently owns the Property. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

4. Answering paragraph 4 of Plaintiff's Complaint, Defendants admit that Hometown Buffet operated the "Hometown Buffet" restaurant located on the Property (the "Restaurant") on November 1, 2018 and in June 2019. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

5. Answering paragraph 5 of Plaintiff's Complaint, Defendants admit that Hometown Buffet currently operates the Restaurant. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

6. Answering paragraph 6 of Plaintiff's Complaint, Defendants lack knowledge or information to admit or deny the allegations in this paragraph and, on that basis, deny all such allegations.

## ANSWER TO JURISDICTION & VENUE ALLEGATIONS

7. Answering paragraph 7 of Plaintiff's Complaint, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's alleged Americans with Disabilities Act claims. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

8. In response to paragraph 8 of Plaintiff's Complaint, Plaintiff merely states legal conclusions that requires no response and the provision of the ADA speak for itself.

9. Answering paragraph 9 of Plaintiff's Complaint, Defendants admit the allegations in this paragraph, but deny that the underlying events occurred or give rise to a cause of action. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

## ANSWER TO FACTUAL ALLEGATIONS

10. Answering paragraph 10 of Plaintiff's Complaint, Defendants lack knowledge or information to admit or deny the allegations in this paragraph and, on that basis, deny all such allegations.

11. Answering paragraph 11 of Plaintiff's Complaint, Defendants admit that portions of the Restaurant and the Property are open to the public. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

12. Answering paragraph 12 of Plaintiff's Complaint, Defendants admit that parking spaces are available to Restaurant customers. Except as expressly admitted, Defendants deny all of the remaining allegations in this paragraph.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendants deny that they do not provide accessible parking for customers of the Restaurant. Defendants lack adequate knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendants deny that they do not provide accessible parking for customers of the Restaurant. Plaintiff's allegations regarding grab bars, paper seat covers, and water supply and drainpipes under the sink are so ambiguous and nonsensical that they render Defendants unable to respond, and on that basis, Defendants deny such allegations. Defendants lack adequate knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

15. Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint, including that the alleged barriers exist.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint, including that the alleged barriers exist.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendants lack knowledge or information to admit or deny the allegations in this paragraph and, on that basis, deny all such allegations.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint, including that the alleged barriers exist.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendants deny that the Restaurant is inaccessible to Plaintiff. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendants deny that they have evaded or violated federal or state law. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendants deny that the Restaurant is inaccessible to Plaintiff. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.

27. Answering paragraph 27 of Plaintiff's Complaint, Defendants deny that the alleged barriers or violations exist. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendants deny that the alleged barriers or violations exist. Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

29. Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint.

**ANSWER TO FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICAN WITH DISABILITIES ACT OF 1990**

30. Defendants incorporate here by reference their responses to the previous paragraphs incorporated in paragraph 30 of Plaintiff's Complaint.

31. Answering paragraph 31 of Plaintiff's Complaint, Plaintiff merely states legal conclusions that require no response and the provisions of the Americans with Disabilities Act of 1990 ("ADA") with the supporting regulations and design guidelines speak for themselves.

32. Answering paragraph 32 of Plaintiff's Complaint, Plaintiff merely states legal conclusions that require no response and the provisions of the ADA design guidelines speak for themselves.

33. Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34. Answering paragraph 34 of Plaintiff's Complaint, Plaintiff merely states legal conclusions that require no response and the provisions of the ADA with the supporting regulations and design guidelines speak for themselves.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendants deny that any unlawful barriers to Plaintiff's access exist at the Restaurant.  Defendants lack knowledge or information to admit or deny the remaining allegations in this paragraph and, on that basis, deny all such allegations.

## ANSWER TO SECOND CAUSE OF ACTION:  VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

36. Defendants incorporate here by reference their responses to the previous paragraphs incorporated in paragraph 36 of Plaintiff's Complaint.

37. Answering the first sentence of paragraph 37 of Plaintiff's Complaint, Plaintiff merely states legal conclusions that require no response and the provisions of the *Civil Code* speak for themselves.  Defendants deny allegations in the second sentence of paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

## ANSWER TO PRAYER FOR RELIEF

40. Defendants admit Plaintiff is seeking injunctive relief.  Defendants deny that Plaintiff is entitled to any relief and/or damages.

41. Defendants admit Plaintiff is seeking actual damages and statutory minimum damages under the Unruh Civil Rights Act. Defendants deny that Plaintiff is entitled to any such relief.

42. Defendants admit Plaintiff is seeking an additional award of $4,000.00 per alleged violation. Defendants deny that Plaintiff is entitled to any such relief.

43. Defendants admit Plaintiff is seeking attorneys' fees, litigation expenses, and costs of suit. Defendants deny that Plaintiff is entitled to any such relief.

### GENERAL DENIAL

All other allegations, not specifically admitted, are denied.

### ADDITIONAL AND SEPARATE DEFENSES

Defendants assert each of the following additional and separate defenses listed below. Defendants reserve the right to amend, correct and/or withdraw any of their additional and separate defenses.

### First Additional and Separate Defense

Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks under the ADA in a facility built before January 26, 1993 is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendants' financial resources and the effect on Defendants' operations.

### Second Additional and Separate Defense

Plaintiff is not entitled to the injunctive relief he seeks because he lacks standing to receive such relief.

### Third Additional and Separate Defense

Plaintiff's claims are barred by the doctrine of mootness insofar as the barriers to access alleged by Plaintiff, if there were any, have been or will be remediated before this action is finally adjudicated.

### Fourth Additional and Separate Defense

Plaintiff's Complaint is barred to the extent the claims stated in the Complaint are based on visits to the Restaurant or the Property more than two years before the date the Complaint was filed.  Cal. Civ. Proc. § 335.1; *see, e.g., Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California); *Gatto v County of Sonoma*, 98 Cal. App. 4th 744, 754–760 (2002).

### Fifth Additional and Separate Defense

This Court lacks supplemental jurisdiction over Plaintiff's state law claim, in the event that Plaintiff's federal law claim is dismissed, deemed moot or is otherwise no longer at issue where retaining jurisdiction over the case would be inappropriate.

### Sixth Additional and Separate Defense

Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the Restaurant or the Property that departs from accessibility guidelines, the Restaurant or the Property has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### Seventh Additional and Separate Defense

Plaintiff's prayers for damages and injunctive relief are barred to the extent the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose, or they were built within construction industry tolerances.

### Eighth Additional and Separate Defense

Plaintiff's Complaint fails to the extent that his sought-after alteration is technically infeasible.

/ / /

/ / /

### Ninth Additional and Separate Defense

Plaintiff's claims are barred to the extent the barrier removal Plaintiff seeks involve features of the Restaurant or the Property that were built before January 26, 1993, and were not altered within the meaning of the ADA or Title 24 and/or the alterations did not trigger additional modifications, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### Tenth Additional and Separate Defense

Plaintiff's claims are barred to the extent they rely on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

### Eleventh Additional and Separate Defense

Plaintiff has failed to mitigate or to reasonably attempt to mitigate his damages, if any, particularly to the extent Plaintiff was aware of any alleged barriers to access, and failed to use alternative accessible accommodations and/or means of access, and to the extent Plaintiff alleges multiple claims for the same accessibility violation on different occasions and failed to alter his conduct.

### Twelfth Additional and Separate Defense

Plaintiff's claim under the Unruh Civil Rights Act is barred to the extent that it interferes with Defendants' compliance with laws and regulations that are equally applicable to all persons.

### Thirteenth Additional and Separate Defense

Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred to the extent the alleged violations of law are excused, exempted or justified under the statutes under which Plaintiff has sued, including by the applicable edition of the California Building Code.

/ / /

/ / /

### Fourteenth Additional and Separate Defense

Plaintiff's claims are barred to the extent that defendant Blue Banner Properties, LLC does not operate or control, nor have the right to operate and control, portions of the Property owned, operated, leased or controlled by third parties.

### Fifteenth Additional and Separate Defense

Plaintiff's claims for damages in the Complaint against Defendants are barred, in whole or in part, because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendants.

### Sixteenth Additional and Separate Defense

The Complaint, and all purported claims for relief alleged in the Complaint, are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions, and his pattern and practice of visiting places of public accommodation without the intent of accessing goods and services and instead with the purpose of filing lawsuits, such as the current action, and incurring damages.

**WHEREFORE**, Defendants pray as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;
3. For entry of judgment in favor of Defendants, and against Plaintiff, on all claims for relief;
4. That Defendants be awarded costs of suit in this action;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5. That Defendants be awarded reasonable attorneys' fees incurred in defending this suit, as determined by the Court; and

6. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: October 4, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Amber L. Roller
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendants
HOMETOWN BUFFET, INC. (erroneously sued as BUFFETS HOLDINGS, LLC) and BLUE BANNER PROPERTIES, LLC

40207562.2